**UNITED STATES DISTRIC COURT**
**DISTRICT OF CONNECTICT**

FILED

2017 JUN 30  A 10: 09

US DISTRICT COUR~
BRIDGEPORT CT

| | | |
|---|---|---|
| PAOLA BEZEK | : | CLAIM NO.: |
| EMPLOYEE | : | |
| V. | : | |
| | : | |
| NBCUNIVERSAL; and NBC SPORTS GROUP | : | |
| EMPLOYER. | : | JUNE 30TH, 2017 |

## SPECIFICATION OF CLAIMS

1. The Claimant, Paola Bezek ("Claimant" or "Bezek"), is a women of Argentinian national origin.

2. Respondents are NBC Universal ("NBC" or the "Company") and NBC Sports Group ("NBC Sports"), collectively Respondents.

3. NCB Sports, the division of NBC for which Claimant had been employed, has a business address of: 1 Blachley Road, Stamford, CT 06902.

4. NBC's corporate business address is: 30 Rockefeller Plaza, New York, NY 10112.

5. Claimant's employment with the Respondent NBC commenced in or about October of 2010.

6. Since June 2013, Claimant had been employed as a Manager at NBC Sports' offices: 1 Blachley Road, Stamford, CT 06902 (the "NBC Stamford Address").

7. Beginning in early September 2015, Claimant had been subjected to discrimination and retaliation by Respondents, based upon her sex, and sex-based stereotypes of victims of domestic violence, as well as her status as a victim of domestic violence.

8.  In particular, a restraining order and order of protection (the "Restraining Order") was issued on Claimant's behalf, by the State of Connecticut Superior Court on September 10, 2015 and Claimant was treated unfairly as a result.

9.  Claimant was discriminated against, and retaliated against, in violation of her rights under, *inter alia*:

    (a)    Connecticut Fair Employment Practices Act ("CFEPA"), including:

        (i)    Conn. Gen. Stat. § 46a-60(a)(1);

        (ii)    Conn. Gen. Stat. § 46a-60(a)(4);

        (iii)    Conn. Gen. Stat. § 46a-60(a)(5);

        (iv)    Conn. Gen. Stat. § 46a-60(a)(8);

    (b)    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and Civil Rights Act of 1991; and

    (c)    Conn. Gen. Stat. § 54-85b

10.  The ongoing discrimination, harassment, and retaliation Claimant suffered, which is explained herein, form the basis of this complaint.

## COMPLAINT

11.  In or about November 2010, Claimant began working for NBC as Logistics Control Manager for Network Television & News Field Operations in New York, NY.

12.  In or about June 2013 through the date of her termination, Claimant had been employed as Manager of Technical Logistics at NBC Sports at the NBC Stamford address.

13.  Throughout the aforementioned time frame, the Claimant worked under the supervision of Derek Ehmen ("Ehmen"), Vice President Technical Logistics, and had performed her duties well and had been a productive and successful employee of NBC Sports,

working primarily on NBC's role in its production and coverage of the Olympic Games.

14. Claimant had never received a negative review of her work and had received consistent yearly raises during her tenure.

15. From December 2012 through December 2014, Claimant had an intermittent and tumultuous relationship with an individual, named Fred Espinosa ("Espinosa"), which involved incidents of physical and emotional abuse and periods of time in which Espinosa stalked Claimant, by parking outside her apartment, at night, and the like.

16. During March 2015 and continuing through August 2015, Espinosa learned that Claimant commenced a relationship with another man.

17. Presumably motivated by his own jealousy of Claimant's new relationship, Espinosa began repeated attempts to contact and meet with Claimant, showing up at both her residence and place of employment in Stamford, CT. Espinosa would sometimes sleep in his car, outside of Claimant's apartment complex, and use the cold winter conditions as an excuse to attempt to persuade Claimant to allow him into her home.

18. In addition, Espinosa made repeated telephone calls and sent text messages in attempts to speak with and meet with me.

19. On or about August 26, 2015, Claimant saw Espinosa in the security office at the NBC Stamford location.

20. Claimant learned that Espinosa had in fact obtained employment with NBC on a freelance basis, which, in part, required him to be present at the NBC Stamford location.

21.    Claimant became concerned about Espinosa's behavior towards her, stalking her, and calling her derogatory names in her work environment, and felt she had to speak to her supervisor, Mr. Ehmen.

22.    Claimant expressed to Ehmen her concerns for her safety and well-being, given Espinosa's recent conduct and history of harassing and abusive behavior towards her.

23.    On or about August 27, 2015, Claimant spoke with Monica Rego ("Rego"), Vice President of Human Resources and informed her of the situation with Ehmen.

24.    In addition to speaking with Rego, Claimant also met with and spoke to Security Director, Edwin Maldonado, and, Robert Landau, Senior Vice President Human Resources.

25.    Rego (at first) suggested that Claimant apply for a restraining order against Espinosa, and on August 31, 2015, Claimant made such an application to the Connecticut Superior Court with the advice and assistance of Attorney Allison Roach of the Domestic Violence Crisis Center of Stamford.

26.    Such application was preliminary, temporary granted on August 31, 2015 and set for hearing on September 10, 2015, at which time it was granted as a Restraining Order by the Superior Court.

27.    Rather than simply take the necessary steps to ensure Claimant's safety and facilitate the enforcement of her lawful and valid Restraining Order, Respondents instead chose to undertake an "investigation" of the nature of the history of the relationship between Claimant and Espinosa.

28.    Respondents began to coerce Claimant for personal information with intrusive requests for personal information and access to her personal e-mail accounts, messages, social

-4-

media, and the like or else she would lose her job, while Rego and Landau were laughing in her face.

29.    In response to what Claimant perceived to be invasive and improper requests by Respondents into her personal matters, on or about September 11, 2015, Claimant made a formal complaint to the Comcast/NBC Universal Ombudsperson at 800-777-6981 and Comcast Listens Integrity at 800-622-6221.

30.    The intrusive demands and requests for personal information from Claimant by Respondents persisted.

31.    For example, on or about September 13, 2015, Rego informed Claimant, via email, that, "additional information is needed from you for the Company to consider how to proceed."

32.    The September 13, 2015 email also directed Claimant to, "forward any and all information you have including correspondence, documents, emails, texts, social media/chat messages, voicemail, etc. between Espinosa and you beginning January 2015 through the present. Please provide it to me no later than Wednesday, September 16 by end of business."

33.    Concerned about the legality and invasiveness of these demands by Respondents, Claimant consulted employment attorneys from the Boyd Law Group, including Attorney Patrick Boyd ("Attorney Boyd").

34.    On or about September 14, 2015, Attorney Boyd contacted Landau by email, expressing concern about the legality and appropriateness of the intrusive demands into Claimant's personal life and on-line communications and providing Landau with legal authority regarding same.

35.   Throughout September and October 2015, Rego, Landau, and Stephen Malone ("Malone"), Vice President Employment Law, continued to demand and request access to Claimant's personal email and social media at first directly to Claimant, and later, through her counsel.

36.   Some of these demand may be in violation of Senate Bill No. 426 (2015) titled, An Act Concerning on Line Employee Privacy.

37.   Upon information and belief, at or about this same time period, Rego and Maldonado (and other NBC employees), were also conducting discussions and meetings with Espinosa, and apparently, were provided documents by Espinosa which were designed to undermine the credibility of Claimant's safety concerns and request for accommodation of the Restraining Order.

38.   Claimant was eventually provided with these documents through counsel, which consisted mostly of pdf images and print outs of "screen captures" of text messaged, emails and social media communications, most of which bore only a day and month date (rather than a complete transmission date timestamp).

39.   Espinosa misrepresented the history of the communications he had with Claimant and seemingly convinced Respondents that Claimant was out to jeopardize Espinosa's job by lying to NBC.

40.   Instead of recognizing and enforcing the lawful Restraining Order and Claimant's protected status as a victim of domestic abuse and recipient of such Protective Order, Respondents took it upon themselves to effectively "take sides" by accepting as true and accurate the statements and documents provided by Espinosa and using same to

contradict and/or challenge the statements and information that Claimant had provided to Respondents.

41.   As further evidence of Respondents' decision to "take sides," on or about October 8, 2015, Malone sent an email to Attorney Boyd with a set of fifteen PDF attachments of information and documents apparently provided to Respondents by Espinosa.

42.   These aforementioned PDF images that were self-selected and provided by Espinosa were sorted, labeled and given descriptions by Rego in a manner akin to trial exhibits and demonstrated that Respondents were not only accepting of Espinosa's account but were effectively advocating on behalf of Espinosa against Claimant.

43.   On or about October 9, 2015, Malone emailed Attorney Boyd, informing him that Claimant was being placed on suspension until October 18, 2015.  As a result of this suspension, Claimant's building and systems access were frozen and Claimant was taken out of contact with her work team.

44.   In this same October 9, 2015 email, Malone stated that following this one week suspension "[t]he Company may thereafter elect to terminate [Claimant's employment."

45.   On or about October 15, 2015, Malone emailed Attorney Boyd informing him that "NBCU is continuing Ms. Bezek's paid suspension pending the completion of the investigation.  She should not report to work until further notice."

46.   On or about October 23, 2015 via email from Malone, Claimant was notified in an attached memorandum from Rego and John Fritsche, Senior Vice President of NBC Olympic Operations and Facilities that her employment was being terminated effective as of October 30, 2015.

47.    Claimant's suspension and termination, which she received from Respondents was discriminatory in that she received disparate treatment from Respondents based upon her sex as well as sex-based stereotypes regarding female victims of domestic violence and stalking.[1]

48.    Respondent's suspension and termination were made in retaliation to Claimant's opposition to the disparate treatment she was receiving from Respondents, her internal complaints to the Comcast/NBC Universal Ombudsperson, and the discrimination and retaliation complaints made by Claimant's prior counsel, on her behalf.

49.    In addition to the sex-based discrimination and retaliation for Claimant's complaints, Claimant has been retaliated against because of her status as a victim of domestic violence in violation of Conn. Gen. Stat. § 54-85b.

50.    Conn. Gen. Stat. § 54-85b explicitly prohibits an employer from "discharge[ing], penalize[ing] or threaten[ing] or otherwise coerc[ing] an employee" who "is a crime victim ... a victim of family violence" or where a restraining order or protective order "has been issued on the employee's behalf."

51.    As such, Respondents have violated Claimant's rights under Federal and State law.

52.    The above-referenced discriminatory acts and retaliatory acts, which, upon information and belief were intentional and motivated by a deliberate indifference to Claimant's rights and/or discriminatory animus, Claimant respectfully requests that she be entitled to relief, as set forth below.

---

[1] *See, e.g.,* U.S. Equal Employment Opportunity Commission, *Questions and Answers: The Application of Title VII and the ADA to Applicants or Employees Who Experience Domestic or Dating, Sexual Assault, or Stalking,* available at: http://www.eeoc.gov/eeoc/publications/qu_domestic_violence.cfm.

## DAMAGES

D.O.T.: 10/23/2015
Salary $87,524.25 yearly; $1,683.15 weekly

| | |
|---|---|
| **Loss Wages** | |
| October 23, 2015 through June 30, 2017, 2017 ($1,683.15 x 87 weeks) | $146,434.05 |
| | |
| **Year Salary Raise 3% (Year 2015)** | $2'625.73 |
| **Year Salary Raise 3% (Year 2016)** | $2'704.50 |
| | |
| **Special Olympics Salary** | $ 9,100.75 |
| | |
| **Bonus** | |
| 2015, 2016, 2017 ($3,000.00 per year) | $ 9,000.00 |
| | |
| **Attorney's Fees paid to the Boyd Law Group, PLLC** | $ 9,154.40 |
| | |
| **Attorney's Fees paid to Axelrod & Associates, LLC** | $5,000.00 plus |
| | |
| **Emotional Distress** | $50,000.00 |
| *Subtotal:* | **$234,019.43** |

*MINUS COMPENSATION RECEIVED*

| | |
|---|---|
| **Unemployment** (26 weeks at 595.00) | -$15,470.00 |
| | |
| **Temporary Employment – Comprehensive Health Systems, Fla.** | |
| (4 months (Nov. 2016- Feb. 2017), at $2,800.00 per/mnth.) | $11,200.00 |

\* No temporary work has been available after February 2017
 and Ms. Bezek is currently on stand-by.

| | |
|---|---|
| **Total Damages:** | **$207,349.43** |

THE CLAIMANT
PAOLA BEZEK

## **CERTIFICATION**

I hereby certify that on June 30th, 2017, I have caused to be served a true and correct.

Paola Bezek
13140 NW 24CT
MIAMI, FL 33167
TEL: (917) 691-3139.

Paola Bezek

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **Paola Bezek**<br>**50 North St, #105**<br>**Stamford, CT 06902** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 16A-2016-00210 | Amon L. Kinsey, Jr.,<br>Intake Supervisor | (617) 565-3189 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    **Charging Party is pursuing claim in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*                                    APR 0 3 2017

Enclosures(s)                     **Feng K. An,**                       *(Date Mailed)*
                              **Area Office Director**

cc:
                                        **Stephen M. Bourtin**
                                        **THE BOYD LAW GROUP, PLLC**
        **NBCUNIVERSAL/SPORTS**         **two stamford landing, suite 100**
        **1 Blachley Rd**               **Stamford, CT 06902**
        **Stamford, CT 06902**

**State of Connecticut**
**Commission on Human Rights and Opportunities**

AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

RECEIVED
COMM. ON HUMAN RTS. & OPP.
SOUTHWEST REGIONAL OFFICE

| For CHRO Office Use Only | |
|---|---|
| Date Filed: 11-2-15 | Case No: 1620179 |

My name is <u>Paola Bezek</u>
And I reside at <u>50 North St. #105 Stamford, CT 06902</u>
My mailing address is (if different than street address) _____
My telephone number is (home) _____ (cell) <u>917-691-3139</u>
My email address is <u>paolabezek@hotmail.com</u>
The respondent is <u>NBCUniversal/Sports, Stephen Malone, Monica Rego, Robert Landau</u>
Whose business address is <u>1 Blachley Road, Stamford, CT 06902</u>
The alleged discrimination took place in the town/city of <u>Stamford, CT</u>
The last discriminatory action took place on or about <u>October 9th 2015</u>

**I was**
- [ ] denied reasonable accommodation on the basis of a disability on or about _____
- [x] terminated on or about <u>10/23/2015</u>
- [ ] laid off on or about _____
- [ ] demoted on or about _____
- [ ] poorly evaluated on or about _____
- [ ] sexually harassed on or about _____
- [ ] earning unequal pay on or about _____
- [ ] delegated unequal duties on or about _____
- [ ] delegated difficult assignments on or about _____
- [ ] placed on probation on or about _____
- [ ] given reduced duties on or about _____
- [ ] denied equal services on or about _____
- [x] discriminated against in terms and conditions of employment on or about <u>9/11/2015, 10/9, 10/23</u>
- [ ] other _____ on or about _____
- [x] suspended on or about <u>10/9/2015</u>
- [ ] not recalled on or about _____
- [x] harassed on or about <u>9/11/2015</u>
- [ ] warned on or about _____
- [ ] denied a raise on or about _____
- [ ] transferred on or about _____
- [ ] constructively discharged on or about _____
- [ ] not hired on or about _____
- [ ] not promoted on or about _____
- [ ] less trained on or about _____
- [x] retaliated against on or about <u>9/11, 10/9, 10/23</u>

**And believe that my**
- [ ] age <u>38</u> date of birth: <u>05</u> - <u>07</u> - <u>1977</u>
- [ ] physical disability (IDENTIFY): _____
- [ ] learning disability (IDENTIFY): _____
- [ ] mental disorder (IDENTIFY): _____
- [ ] sexual orientation (IDENTIFY): _____
- [ ] gender identity or expression _____
- [x] sex: [ ] male [x] female
- [ ] religious creed/creed (IDENTIFY): _____
- [ ] previously opposed, filed or assisted
- [x] other <u>Victim of domestic violence</u>
- [x] marital status (IDENTIFY): <u>Single</u>
- [ ] race (IDENTIFY): _____
- [ ] color (IDENTIFY): _____
- [x] national origin (IDENTIFY): <u>Hispanic/Argentine</u>
- [ ] ancestry (IDENTIFY): _____
- [ ] alienage (IDENTIFY): _____
- [ ] intellectual disability: _____
- [ ] sex: PREGNANCY
- [ ] prior criminal record (state employment only)

Was/were in part a reason in this action.

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Directions: if any information is irrelevant write "n/a". If any information is unknown write "unknown" If you need to add additional information please add an additional sheet of paper and identify which paragraph it relates to.**

1. I worked or applied to work for respondent at the following location:
   1 Blachley Road, Stamford. CT 06902

2. The respondent employs at least 10000 + plus  people.

3. I began working for the respondent on or about: June 2013
   Or I applied to work for the respondent on or about: _____

4. My most recent job title was/is: Manager, Technical Logistics

5. I believe respondent discriminated against me on September-October 2015         when
   I have raised a concern based on status as victim of Domestic Violence, restraining order dated
   September 10th to HR- Complain to Comcast/NBCU Ombudsman, Integrity Comcast Listens.
   On September 11th  I was placed on suspension on September 9, 2015 and notified of my
   termination on October 23, 2015.  I was harassed by Respondents Landau, Rego and Malone

6. The following individuals not of my class bases were treated more favorably: Male, National
   origin
   when  September-October 2015

7. **For harassment claims only**: The person who harassed me was/is ☑ a supervisor or ☐ a
   co-worker. I reported the harassment on September 11th  and as a result of my report
   I have been retaliated against because of my complaint dated 09/11 to the Comcast/NBCU
   Ombudsman, Integrity Comcast Listens. I was placed on suspension October 9th and
   terminated on October 23, 2015. Robert Landau, Monica Rego and Stephen Malone harassed

8. **For retaliation claims only**: I complained about discrimination to Ombudsman
   on September 11       and as a result of my report : I have been harassed and placed on
   suspension on October 9, 2015 and notified of my termination on October 23, 2015 by Stephen
   Malone and Monica Rego.  My attorney also complained of gender and domestic violence discri

   ☑ I request that those individuals or entities also be named as Respondents to this action.

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

9. <u>For disability claims only</u>: On _____ I was diagnosed with the following disability/disabilities _____
I believe the respondent was aware of my disability/disabilities because:

_____

_____

10. <u>For disability/reasonable accommodations claims only</u>. I asked the respondent for the following accommodation(s) to assist me with my disability: _____
_____
I made this request to _____ ☐verbally on or about _____
and/or☐in writing on or about _____. After I made the request the
respondent responded in the following way _____
I was unhappy with the way the respondent responded because:_____

_____

_____

_____

11. <u>For perceived disability claims only</u>: Although I am not disabled, I believe the respondent
believed I had the following disabilities:_____

and treated me differently based on what belief in the following way(s): _____

_____

_____

_____

12. <u>For pregnancy discrimination claims only</u>: I was pregnant from on or about _____
to _____and the respondent knew about my pregnancy because:_____
_____
The respondent took the following action(s) against me which I believe was based on my
pregnancy:_____

_____

_____

_____

13. <u>For aiding and abetting claims only</u>: I believe the following individuals or entities abetted
the respondent in the discrimination I alleged above M. Rego, S. Malone, R. Landau _____
and their mailing address(es) is/are _____
The actions these individuals took are: Harassed me by demanding intrusive communications
and records regarding my personal life. After having complained and my attorney complained
about discrimination, suspending me on 10/9/2015 and terminating me on 10/23/2015

☑request that those individuals or entities also be named as Respondents in this action.

14. Any other information that is important about this case:_____

_____

_____

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

15. I therefore charge the Respondent(s) with discriminating against me based on my protected class base(s) and I request all damages that I might be entitled to under the relevant statutes.

IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU RETURN THIS FORM

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

Paola Bezek
_____ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at ___STamford___, Connecticut this _28_ day of _October_.

20 _15_.

X ___Paola Bezek.___
(Complainant's Signature)

Subscribed and sworn to before me this ___28___ day of _October_ 20 _15_

___Andrea Scaccianoce___
Notary Public or Commissioner of
the Superior Court

My Commission Expires:_____

ANDREA C SCACCIANOCE
Notary Public
Connecticut
My Comm. Expires August 31, 2017

F103

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

THIS SECTION TO BE FILLED OUT BY CHRO STAFF
Respondent violated the following statutes and acts listed below, as amended, enforced through Conn. Gen. Stat. §46a-58(a) if applicable.

☒ 46a-60(a)(1)  ☑ 46a-60(a)(4)  ☐ 46a-60(a)(5)  ☐ 6a-60(a)(7)_____
☐ 46a-60(a)(8)( )( )  ☐ 46a-60(a)(9)  ☐ 46a-60(a)(10)  ☐ 46a-60(a)(11)
☐ 46a-63  ☐ 46a-64(a)( )  ☐ 46a-66(a)  ☐ 46a-70a  ☐ 46a-71_____
☐ 46a-75  ☐ 46a-80_____  ☐ 46a-81c_____  ☐ 46a-81d(a)_____

☐ 46a-81f_____  ☐ 46a-81g_____  ☐ 46a-81h_____  ☐ 46a-81l_____  ☐ 10-15(c)
☑ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991 (15 + employees)  ☐ Age Discrimination in Employment Act of 1967, 29 U.S.C. 621-634 (20+ employees and over the age of 40)  ☐ Equal Pay Act of 1964
☐ Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
☐ Rehabilitation Act of 1973, as amended
☐ Other:_____

## AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

To:   **The Connecticut Commission on Human Rights and Opportunities (CHRO)**
**The United States Equal Employment Opportunities Commission (EEOC)**

1.   My name is Paola Bezek and I presently reside in the State of Connecticut.

2.   I am a 38 year old woman of Argentinian national origin.

3.   My mailing address is 50 North Street, Unit 105, and Stamford, Connecticut 06902.

4.   "Respondents" are: NBCUniversal ("NBC" or the "Company"); NBC Sports Group ("NBC Sports"), Stephen Malone (Vice President Employment Law) ("Respondent Malone"), Robert Landau (Senior Vice President Human Resources) ("Respondent Landau") and Monica Rego (Vice President Human Resources) ("Respondent Rego") (hereinafter collectively, "Respondents").

5.   NBC Sports, the division of NBC for which I have been employed, has a business address of: 1 Blachley Road, Stamford, Connecticut 06902.

6.   NBC's corporate business address is: 30 Rockefeller Plaza, New York, New York 10112.

7.   My employment with the Respondent NBC commenced in or about October 2010.

8.   Since June 2013, I have been employed as a Manager at NBC Sports' offices 1 Blachley Road, Stamford, Connecticut 06902 (the "NBC Stamford Address").

9.   Since early September 2015, I have been subjected to discrimination and retaliation by Respondents based upon my sex and sex-based stereotypes of victims of domestic violence as well as my status as a victim of domestic violence.

10.   In particular, a restraining order and order of protection (the "Restraining Order") was issued on my behalf by a State of Connecticut Superior Court on September 10, 2015 and I was treated unfairly as a result.

11.   I believe the discrimination retaliation I was subjected to were in violation of my rights under, *inter alia*:

   (a) Connecticut Fair Employment Practices Act (CFEPA), including:

      (i) Conn. Gen Stat. 46a – 60(a)(1);


RECEIVED
COMM. ON HUMAN RIGHTS & OPP.

      (ii) Conn. Gen Stat. 46a – 60(a)(4);

      (iii) Conn. Gen Stat. 46a – 60(a)(5);

      (iv) Conn. Gen Stat. 46a – 60(a)(8);

    (b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991; and

    (c) Conn. Gen. Stat. 54-85b

12.    The ongoing discrimination, harassment and retaliation I suffered, which is explained in detail herein, form the basis of this complaint.

## COMPLAINT

13.    In or about November 2010, I began working for NBC as Logistics Control Manager for Network Television & News Field Operations in New York, New York.

14.    In or about June 2013 through and including the present, I have been employed as Manager of Technical Logistics at NBC Sports at the NBC Stamford Address.

15.    Throughout this period, I have worked under the supervision of Derek Ehmen (Vice President Technical Logistics) ("Mr. Ehmen") and have performed my duties well and have been a productive and successful employee of NBC Sports, working primarily on NBC's role in its production and coverage of the Olympic Games.

16.    I have never received a negative review for my work and have received consistent raises during my tenure.

17.    Since December 2012 through the December of 2014, I had an intermittent and tumultuous relationship with an individual named Fred Espinosa ("Mr. Espinosa"), which involved incidents of physical and emotional abuse and periods of time in which Espinosa stalked me by parking outside my apartment at night and the like.

18.    During March 2015 and continuing through that August 2015, Mr. Espinosa learned I commenced a relationship with another man.

19.    Presumably motivate by his jealous, Espinosa began repeated attempts to contact and meet with me, showing up at both my residence and my place of employment in Stamford, Connecticut.  Mr. Espinosa would sometimes sleep in his car outside of my apartment complex and use the cold winter conditions as an excuse to attempt to get me to let him into my residence.

20.    Espinosa made repeated telephone calls and sent text messages in attempts to speak with and meet with me.

21.     On or about August 26th, 2015, I saw Mr. Espinosa in the security office at the NBC Stamford Address.

22.     I learned, recently, that Mr. Espinosa had in fact obtained employment with NBC on a freelance basis, which, in part, required him to be present at the NBC Stamford Address.

23.     I did not wish Mr. Espinosa ill, but I was concerned about his behavior towards me, stalking me and calling me derogatory names in my work environment, I spoke with my supervisor, Mr. Ehmen.

24.     I expressed to Mr. Ehmen my concerns for my safety and well-being, given Mr. Espinosa's recent conduct and history of harassing and abusive behavior towards me.

25.     On or about August 27, 2015, Mr. Ehmen spoke with Respondent Rego and informed her of the situation.

26.     In addition to speaking with Respondent Rego, I also met with and spoke to Security Director Edwin Maldonado and Respondent Landau.

27.     Respondent Rego (at first) suggested that I apply for a restraining order against Mr. Espinosa, and on August 31, 2015, I did make such an application to the Connecticut Superior Court with the advice and assistance of Attorney Allison Roach of the Domestic Violence Crisis Center of Stamford.

28.     Such application was preliminary, temporary granted on August 31, 2015 and set for hearing on September 10, 2015, at which time it was granted as a Restraining Order by the Superior Court.

29.     Rather than simply to take the necessary steps to ensure my safety and facilitate the enforcement of the lawful and valid Restraining Order, however, Respondents instead chose to undertake an "investigation" of the nature of the history of the relationship between myself and Mr. Espinosa.

30.     Respondents began to coerce me for personal information with intrusive requests for personal information and access to my personal e-mail accounts, messages, social media and the like or else I will lose my job, while Mrs. Rego and Mr. Landau were laughing on my face.

31.     In response to what I perceived to be invasive and improper requests by Respondents into my personal matters, on or about September 11, 2015, I made a formal complaint to the Comcast/NBCUniversal Ombudsperson at 800-777-6981 and Comcast Listens Integrity at 800-622-6221.

32.     The intrusive demands and requests for personal information from me by Respondents persisted.

33.     For example, on or about September 13, 2015, Respondent Rego informed me by e-mail that "additional information is needed from you for the Company to consider how to proceed."

34.     The September 13, 2015 e-mail also directed me to "forward any and all information you have including correspondence, documents, emails, texts, social media/chat messages voicemails, etc. between Espinosa and you beginning January 2015 through the present.  Please provide it to me no later than Wednesday, September 16 by end of business."

35.     Concerned about the legality and invasiveness of these demands by Respondents, I consulted employment attorneys from the Boyd Law Group, including Attorney Patrick Boyd ("Attorney Boyd").

36.     On or about September 14, 2015, Attorney Boyd contacted Respondent Landau by e-mail, expressing concern about the legality and appropriateness of the intrusive demands into my personal life and on-line communications and providing Respondent Landau with legal authority regarding same.

37.     Throughout September and October 2015, Respondents Rego, Landau and Malone continued to demand and request access to my personal e-mail and social media at first directly to me and later through my counsel.

38.     Some of these demands may be in violation of Senate Bill No. 426 (2015) titled An Act Concerning On line Employee Privacy.

39.     Upon information and belief, at or about this same time period, Respondent Rego and Maldonado (and other NBC employees), were also conducting discussions and meetings with Mr. Espinosa, and apparently, were provided documents by Mr. Espinosa which were designed to undermine the credibility of my safety concerns and request for accommodation of the Restraining Order.

40.     I was eventually provided with these documents through counsel, which consisted mostly of pdf images of print outs of "screen captures" of text messaged, e-mails and social media communications, most of which bore only a day and month date (rather than a complete transmission date timestamp).

41.     Mr. Espinosa misrepresented as the history of the communications we had and seemingly convinced Respondents that I was out to jeopardize his job and lying to them.

42.     Instead of recognizing and enforcing the lawful Restraining Order and my protected status as the victim of domestic abuse and recipient of such Protector Order, Respondents took it upon themselves to effectively "take sides" by accepting as true and accurate the statements and documents provided by Mr. Espinosa and using same to contradict and/or challenge the statements and information that I had provided to Respondents.

43.     As further evidence of Respondents' decision to "take sides", on or about October 8, 2015, Respondent Malone sent an e-mail to Attorney Boyd with a set of fifteen PDF attachments of information and documents apparently provided to Respondents by Mr. Espinosa.

44.     These aforementioned pdf images that were self-selected and provided by Mr. Espinosa were sorted, labeled and given descriptions by Respondent Rego in a manner akin to trial exhibits and demonstrated that Respondents were not only accepting of Mr. Espinosa's account but were effectively advocating on behalf of Mr. Espinosa and against me.

45.     On or about October 9, 2015, Respondent Malone e-mailed Attorney Boyd informing him that I was being placed on suspension until October 18, 2015.  As a result of this suspension, my building and systems access were frozen and I was taken out of contact with my work team.

46.     In this same October 9, 2015 e-mail, Respondent Malone stated that following this one-week suspension "[t]he Company may thereafter elect to terminate her employment."

47.     On or about October 15, 2015, Respondent Malone e-mailed Attorney Boyd informing him that "NBCU is continuing Ms. Bezek's paid suspension pending the completion of the investigation.  She should not report to work until further notice."

48.     On or about October 23, 2015 via e-mail from Respondent Malone, I was notified in an attached memorandum from Respondent Rego and John Fritsche, Senior Vice-President of NBC Olympic Operations and Facilities, that my employment was being terminated effective as of October 30, 2015.

49.     I believe that the suspension and termination, which I received from Respondents, was discriminatory in that I received disparate treatment from Respondents based upon my sex as well as sex-based stereotypes regarding female victims of domestic violence and stalking.[1]

50.     I further believe that the suspension and termination were made in retaliation to my opposition to the disparate treatment I was receiving from Respondents, my internal complaints to the Comcast/NBCUniversal Ombudsperson, and the discrimination and retaliation complaints made by my counsel on my behalf.

51.     In addition to the sex-based discrimination and retaliation for my complaints, I believe that I have been retaliated against because of my status as a victim of domestic violence in violation of Conn. Gen. Stat. § 54-85b.

52.     Conn. Gen. Stat. § 54-85b explicitly prohibits an employer from "discharg[ing], penalize[ing] or threaten[ing] or otherwise coerc[ing] an employee" who "is a crime victim … a victim of family violence" or where a restraining order or protective order "has been issued on the employee's behalf."

---

[1] See, e.g., U.S. Equal Employment Opportunity Commission, *Questions and Answers: The Application of Title VII and the ADA to Applicants or Employees Who Experience Domestic or Dating Violence, Sexual Assault, or Stalking*, available at: http://www.eeoc.gov/eeoc/publications/qa_domestic_violence.cfm

53.     As such Respondents have violated my rights under federal and state law

54.     The above-referenced discriminatory and retaliatory acts are a representative sample but not an exhaustive list of the unlawful actions committed by the Respondents.

## **RELIEF REQUESTED**

55.     As a result of the above-referenced discriminatory and retaliatory acts, which, upon information and belief were intentional and were motivated by a deliberate indifference to my rights and/or discriminatory animus, I respectfully request that I be entitled to an award of the following relief:

i)     Reinstatement of my employment status and position as Manager of Technical Logistics at NBC Sports; as well as reporting to a harassment free HR and work environment.

ii)    Monetary damages for any lost wages and benefits;

iii)   Punitive damages against all respondents for their willful and intention acts and deliberate indifference to my rights; and

iv)    An award of reasonable attorneys' fees and costs.

## OATH

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws (or other applicable laws) and secure for me any remedy to which I may be entitled.

Paola Bezek being duly sworn, on oath, states that she is the Complainant herein, that she has read the foregoing complaint and knows the content thereof, that the same is true of her own knowledge, except as to the matter herein stated on information and belief and that as to these matters she believes the same to be true.

Dated at Stamford, Connecticut this 28 day of October 2015.

_____
Paola Bezek

Subscribed and sworn to before me
this 28 day of October, 2015

_____
Notary Public

ANDREA C SCACCIANOCE
Notary Public
Connecticut
My Comm. Expires August 31, 2017

7

Section 54-85b - Employment protection for witnesses and victims of crime. Penalty. Action for... Page 1 of 5

Case 3:17-cv-01087-JCH Document 1 Filed 06/30/17 Page 24 of 25

Log In    Sign Up

Justia › US Law › US Codes and Statutes › Connecticut General Statutes ›
2012 Connecticut General Statutes › Title 54 - Criminal Procedure ›
Chapter 961 - Trial and Proceedings After Conviction › Section 54-85b - Employment
protection for witnesses and victims of crime. Penalty. Action for damages and
reinstatement.

# 2012 Connecticut General Statutes
# Title 54 - Criminal Procedure
# Chapter 961 - Trial and Proceedings After Conviction
# Section 54-85b - Employment protection for witnesses and victims of crime. Penalty. Action for damages and reinstatement.

**Universal Citation:** CT Gen Stat § 54-85b (2012)

(a) An employer shall not deprive an employee of employment, penalize or threaten or
otherwise coerce an employee with respect to employment, because (1) the employee
obeys a legal subpoena to appear before any court of this state as a witness in any
criminal proceeding, (2) the employee attends a court proceeding or participates in a
police investigation related to a criminal case in which the employee is a crime victim, or
attends or participates in a court proceeding related to a civil case in which the employee
is a victim of family violence, as defined in section 46b-38a, (3) a restraining order has
been issued on the employee's behalf pursuant to section 46b-15, (4) a protective order
has been issued on the employee's behalf by a court of this state or by a court of another

state, provided if issued by a court of another state, the protective order shall be registered in this state pursuant to section 46b-15a, or (5) the employee is a victim of family violence, as defined in section 46b-38a. For the purposes of this section, "crime victim" means an employee who suffers direct or threatened physical, emotional or financial harm as a result of a crime or an employee who is an immediate family member or guardian of (A) a person who suffers such harm and is a minor, physically disabled, as defined in section 46a-51, or incompetent, or (B) a homicide victim.

(b) Any employer who violates subdivision (1) of subsection (a) of this section shall be guilty of criminal contempt and shall be fined not more than five hundred dollars or imprisoned not more than thirty days, or both.

(c) If an employer discharges, penalizes or threatens or otherwise coerces an employee in violation of subsection (a) of this section, the employee, not later than one hundred eighty days from the occurrence of such action, may bring a civil action for damages and for an order requiring the employee's reinstatement or otherwise rescinding such action. If the employee prevails, the employee shall be allowed a reasonable attorney's fee to be fixed by the court.

(P.A. 81-186; P.A. 02-136, S. 1; P.A. 10-144, S. 14.)

History: P.A. 02-136 amended Subsec. (a) by designating existing language as Subdiv. (1) and adding new Subdivs. (2) to (4) prohibiting employers from firing, penalizing or threatening employees who are crime victims because of their attendance at court proceedings, participation in police investigations or securement of a restraining or protective order, amended Subsec. (b) by adding reference to Subsec. (a)(1), and made technical changes in Subsec. (c); P.A. 10-144 amended Subsec. (a) to make technical changes, to include attending or participating in court proceeding related to civil case where employee is victim of family violence in Subdiv. (2) and to add Subdiv. (5) re employee who is victim of family violence and amended Subsec. (c) to substitute "one hundred eighty days" for "ninety days" re time limitation to bring action.

**Disclaimer:** These codes may not be the most recent version. Connecticut may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

